On the Meeits.
Howell, J.
The relator alleges that he was elected and has duly qualified as Fiscal Agent of the State under act No. 3 of April, 1874, known as the Funding Act and which created a board of liquidation, composed of the Governor, Lieutenant Governor, Auditor, Treasurer, Secretary of State, Speaker of the House of Representatives aud such fiscal agent, chosen by said officers, that he has furnished bond in the sum of $250,000 as required by said Board, ‘‘that as fiscal agent of the State, it is his duty to receive from the State Treasurer and to hold and account for, under the obligations of his official bond aforesaid, all the moneys belonging to the State,” that he has chosen the New Orleans National Bank, whereof he is a director and the president, as the place of deposit of the State funds and so notified the Treasurer, whose duty it is to deposit the same with the relator as fiscal agent, but has failed and refused to do so, though requested, and he prays for a writ of mandamus commanding said Treasurer to recognize relator as the fiscal agent of the State and to deposit with relator in his said *33 capacity all the State funds now on hand or which may hereafter come into his the treasurer’s hands or control.
The treasurer denies that the relator has any legal right to demand of him as treasurer, the moneys of the State or that there is any law which gives to the relator the right to 'the deposit of the money of the State, and he adopts the answer of the State which intervenes and alleges that under the constitution and laws the treasurer is the only officer authorized to receive, keep and disburse all moneys of the State and he can not be interfered with or controlled in that respect by any authority; that there is no provision in the “Fundingbill” which makes it the duty of the treasurer to pay out to or deposit with the relator or the latter to receive any of the State moneys, and hence there is no cause or ground for the writ of mandamus; that the title of the “Funding act” does not express the object of the appointment of a fiscal agent of the State with power to receive and hold the moneys of the. State which is a matter foreign to the objects of said act; that by existing unrepealed law the treasurer is required to deposit the State moneys in some safe bank with which he shall keep an account and the said deposits can only be removed upon the consent of the Governor and the causes therefor must be reported to the legislature) that under the said law he has the moneys of the State deposited in the Louisiana National Bank, the safety of which would be jeopardized by depositing them with an individual not an officer of the State and not required by law to give a bond. From a judgment refusing the writ of mandamus, the relator has appealed.
The title of the funding bill and the sections relied on by the relator, are as follows: “An act to provide lo^mding the obligations of the State by exchange of bonds) to provn!KJQBh|Müoal and interest of said bonds; to establish a board of liquidation^Hphorize certain judicial proceedings against it; to define and punish violations of this act) to prohibit certain officers from diverting funds except as provided by law and to punish violations therefor ; to levy a continuing tax and provide a continuing appropriation for said bonds) to make a contract between the State and holders of said bonds; to prohibit injunctions in certain cases; to limit the indebtedness of the State and to limit State taxes ; to annul certain grants of State aid) to prohibit the modification, novation or extension of any contract heretofore made for State aid) to provide for the receipt of certain warrants for certain taxes and to repeal all conflicting laws.
Section X. “Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened, That for the purpose of consolidating and reducing the floating and bonded debt of the State, the Governor, Lieutenant Governor, Aud *34 itor, Treasurer, Secretary of State, and Speaker of the House of Representatives are hereby authorized to cause to be prepared, and to issue bonds, to be known as “consolidated bonds of the State of Louisiana,” of the denominations of one hundred, five hundred, and one thousand dollars, to the amount of fifteen millions of dollars, or so much thereof as may be necessary, all payable forty years from the first day of January, 1874, and all to be numbered consecutively, and made payable to bearer, and to bear interest at the rate of seven per cent, per annum, payable semi-annually in the city of New York and the city of New Orleans, on the first day of July and January of each year, and coupons for such interest'shall be attached thereto; said interest and principal to be payable in lawful money of the United States.
“Sec. 2. Be it further enacted, etc., That the parties designated in the foregoing section shall constitute aboard of liquidation, and a majority of said board shall elect a fiscal agent for the State, who shall be a member of said board.
Seo. 7. Be it further enacted, etc., That a tax of five and-a-half mills on the dollar of the assessed value of all real and personal property in the State is hereby annually levied, and shall be collected for the purpose of paying the interest and principal of the consolidated bonds herein authorized, and the revenue derived therefrom is hereby set apart and appropriated to that purpose, and no other; and that io shall be deemed a felony for the Fiscal Agent or any officer of the State or board of liquidators to divert the said fund from its ligitimate channel as provided, and upon conviction the said party shall be liable to imprisonmeaáMÉJlp-ot more than ten years nor less than two, at the dir jM^Bp^ne court. If there shall, during any year, be a surplus arit ‘l^Urom said tax after paying all interest falling due in that year, such surplus shall be used for the purchase and retirement of bonds authorized by this act, said purchases to be made by said board of liquidation from the lowest offers, after due notice, provided, that the total tax for interest and all other State purposes, except the support of public schools, shall never hereafter exceed twelve and a half mills on the dollar. The interest tax aforesaid shall be a continuing annual tax until the said consolidated bonds shall be paid or redeemed, principal and interest} and the said appropriation shall authorize and make it the duty of the auditor and treasurer, and the said board, respectively, to collect said tax annually, and pay said interest and redeem said bonds until the same shall be fully discharged.”
Sec. 17. “That all acts or parts of acts'in conflict with this act, or-any section thereof, are hereby declared to be repealed, and that this aet- shall take effect from and after its passage.”
*35 It seems a sufficient answer to relator’s demand to say that there is nothing in the foregoing which confers on him or implies a right or duty as fiscal agent “ to receive from the State treasurer and to hold and account for, under the obligations of his official bond aforesaid, all the moneys belonging to the State,” or to choose a bank for such purpose, or that imposes on the said treasurer the duty to deposit said ■moneys with the relator, and therefore there is no case, no cause for the writ of mandamus.' The act does not specifically prescribe any duties of the fiscal agent, confer on him any special powers or make any reference in the title or elsewhere to the deposit or the choosing of a place of deposit of the moneys of the State; and it is only where a specific ministerial duty is imposed by law on an officer, that a writ of mandamus can properly issue against him.
But it is contended on behalf of the relator, that the phrase “ Fiscal agent of the State” had, at the time the Funding act was passed, a distinct, well understood meaning, and that the legislative intent in using it was manifest, as the depositary of the State funds, that is, the fiscal agent of the State created by this act was, by necessary intendment, the depositary of the State moneys, which however, are to remain there or with him subject to the checks of the State treasurer just as they are now kept and checked on by the treasurer in the bank selected by Jiim under previous legislation. And this theory, it is said, is deprived from and supported by the laws relative to the fiscal agent of the city of New Orleans, which was made the depositary of all the city funds and the law making the Citizens’ Bank the fiscal agent for the funding of the floating debt in 1870.
Our examination of these laws does r "•» us to the conclusion, as suggested, that the term “ fiscal agent°; tor ^ssarily the depositary of the public funds so as, by the simple uso3,13 it in a statute, without any directions in that respect, to make it the duty of the city or State treasurer to deposit all moneys therein and confer on such agent power to compel such deposit with him or it.
. As to the fiscal agent for the city of New Orleans, the laws referred to (see acts 1856, pp. 144, 145, acts 1870, extra session, p. 46), are explicit in directing when and how such agent — a bank — shall be chosen, what shall be placed in its keeping, the purposes thereof, how drawn, etc., while in the act under review, no such directions appear and nothing is said except that a majority of certain designated officers, composing a board of liquidation, shall elect a fiscal agent for the State, who shall be a member of said board and shall be subject to certain penalties should he divert a' certain fund. But every officer of the State and board of liquidators are embraced in the same provision. And as to the “fiscal agent” under the funding act of 1870, *36 (session acts 1856, extra session, p. 153), the president of a bank named, was designated by the law for the purpose, in conjunction with the Governor and Auditor, of negotiating the bonds authorized by said act, but no reference was made to the custody of the public moneys. The duty was specific and limited to the object of said act. We find in neither law nor any other, any thing that implies even that the use of the term fiscal agent in a statute confers the right to the public funds. By existing laws the treasurer is to deposit the State moneys in a bank selected by him, and he may, with the concurrence of the Governor, remove them to another if they become unsafe, (it. S. 3773), and there is nothing in the present funding act at all inconsistent therewith and they are therefore not repealed or affected by the repealing clause of this act.
Whatever may be the duties of the relator under the present funding act, it is clear to us that it is not one of his duties to demand, receive and place in a bank chosen by him or elsewhere the moneys of the State, those arising under the provisions of this act or from any other source. This duty pertains exclusively to the treasury department, and the moneys there can, under the constitution^ only be withdrawn by the treasurer under a specific appropriation made by law.
Judgment affirmed.